UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SWIFT FINANCIAL CORPORATION                                                    PLAINTIFF
d/b/a SWIFT CAPITAL

v.                                                              CIVIL ACTION NO. 3:15cv846-DPJ-FKB

BATH PLANET OF MISSISSIPPI, LLC, et al.                                       DEFENDANTS

ORDER

This case is before the Court on the Motion for Attorney's Fees [54] filed by Defendants

Kelty Tile & Marble, LLC, Kelty Plumbing, LLC, and KTM, Inc. ("Kelty Defendants").

Because the Kelty Defendants have not established their entitlement to attorney's fees at this

stage, the motion is denied.

I.      Facts and Procedural History

This case arises from a January 13, 2015 Future Receivables Sale Agreement between

Plaintiff Swift Financial Corporation d/b/a Swift Capital ("Swift") and Defendant Bath Planet of

Mississippi, LLC ("Bath Planet").  Bath Planet defaulted, and its president, Mark Kelty, filed for

bankruptcy in June 2015.  Believing that Mark Kelty's wife, Christina Kelty, and the Kelty

Defendants, three companies owned and operated by Mark Kelty's brother and sister-in-law,

might share some liability for Bath Planet's default and alleged wrongdoing, Swift filed this

lawsuit against Bath Planet, Christina Kelty, and the Kelty Defendants on November 20, 2015.

Christina Kelty and the Kelty Defendants moved to dismiss, and the Court granted the

Kelty Defendants' motion and granted in part Christina Kelty's motion.  Order [53].  The Kelty

Defendants' motion for attorney's fees followed.  Plaintiff has responded in opposition to the

motion, and the Kelty Defendants failed to file a reply.  The Court has personal and subject-

matter jurisdiction and is prepared to rule.

II.     Analysis

In their motion, the Kelty Defendants reference 28 U.S.C. § 1927 and the Court's inherent authority as bases for a fee award.  In their memorandum, they also refer to the Mississippi Litigation Accountability Act.  The Court will address each potential basis for a fee award in turn.

A.      28 U.S.C. § 1927

Under 28 U.S.C. § 1927, the Court may tax reasonable attorney's fees against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927.  To justify an award under the statute, the Court "must find that the sanctioned attorney multiplied the proceedings both "unreasonably' and 'vexatiously.'  This requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (quoting *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1988)) (additional citation omitted).  Sanctions under § 1927 should be "'sparingly applied'" and "'require clear and convincing evidence' that sanctions are justified."  *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996); *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)); *see also id.* ("Section 1982 sanctions should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice,' lest 'the legitimate zeal of an attorney in representing [a] client [be] dampened.'" (quoting *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994))).

2

Stated simply, the Kelty Defendants have not demonstrated the type of bad faith required to justify an award under § 1927.  While the Court ultimately dismissed the claims against them, it cannot say that Swift's conduct in naming them in this lawsuit was both unreasonable and vexatious.  Although the entities' corporate structure cut against Swift's legal position under Mississippi law, there was a factual basis for it to perceive some interconnectedness between the Kelty Defendants and Bath Planet.  The Kelty Defendants have failed to establish the requirements for relief under § 1927.

B.      The Court's Inherent Authority

"A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"  *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).  As explained above, the Court declines to find that Swift's conduct in pursuing claims against the Kelty Defendants rises to the level of bad faith.  The Court likewise concludes that the Kelty Defendants have not demonstrated a fraud upon the Court.  An award of attorney's fees as a sanction under the Court's inherent authority is not warranted.

C.      Mississippi Litigation Accountability Act

Assuming but not holding that it applies in this diversity case, the Mississippi Litigation Accountability Act permits the assessment of attorney's fees against "an attorney or party" who "brought an action, or asserted any claim or defense, that is without substantial justification, [or] was interposed for delay or harassment . . . ."  Miss. Code Ann. § 11-55-5(1).  "Without substantial justification" under the statute "means that [a claim] is frivolous, groundless in fact or

3

in law, or vexatious . . . ." *Id.* § 11-55-3(a). And "[a] claim is frivolous when, 'objectively speaking, the pleader or movant has no hope of success.'" *Russell v. Beachwalk Condominums Ass'n, Inc.*, 193 So. 3d 657, 661 (Miss. Ct. App. 2016) (quoting *Leaf River Forest Prods. Inc. v. Deakle*, 661 So. 2d 188, 195 (Miss. 1995)). "Though a case be weak or 'light-headed,' that is not sufficient to label it frivolous." *Scruggs v. Saterfiel*, 693 So. 2d 924, 927 (Miss. 1997) (internal quotation marks and citations omitted).

For the same reasons discussed above, the Court finds that Swift's filing of claims against the Kelty Defendants does not rise to the level of frivolous under the Mississippi statute. Swift's actions were no different than that of any plaintiff whose claims are dismissed under Rule 12(b)(6). A successful motion to dismiss, standing alone, does not indicate sanctions against the plaintiff are warranted.

III.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Kelty Defendants' Motion for Attorney's Fees [54] is denied.

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE